**In re Secretary of Labor Raymond J. DONOVAN.**

**Division No. 81–2.**

United States Court of Appeals, District of Columbia Circuit.

July 3, 1986.

Before MacKINNON, Presiding, MORGAN and MANSFIELD,* Senior Circuit Judges.

PER CURIAM.

In a matter governed by the Independent Counsel provisions of 28 U.S.C. § 591 *et seq.*, the Special Division of the Court has been requested by motion of The Washington Post and New York News, Inc. ("the movants") "for an order (1) authorizing public access to the record pertaining to the [Bronx County, New York] District Attorney's pending motion [to exemplify or disclose grand jury testimony, etc.,] and ... any future hearings held in connection with that motion, and (2) vacating or modifying the Court's order [of June 30, 1986] prohibiting the parties from disclosing information pertaining to the District Attorney's motion."

First, with respect to the request set forth in (2) above. The Court's order of June 30 was in accord with the admonition of the Federal Rules:

(6) *Sealed Records.* Records, orders and subpoenas relating to grand jury proceedings shall be kept under seal to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury.

Federal Rule of Criminal Procedure 6(e)(6).

This Rule had made it necessary previously for the Court to comply with another Federal Rule:

(5) [T]he court shall order a hearing on matters affecting a grand jury proceeding to be closed to the extent necessary

---

* Judge Mansfield is recused in the motion of the Washington Post and did not participate in this decision.

to prevent disclosure of matters occurring before a grand jury.

Federal Rule of Criminal Procedure 6(e)(5).

A provision of the Ethics in Government Act also came into play. Title 28 U.S.C. § 592(d)(2) provides as follows:

> No application *or any other documents, materials, or memorandums* supplied to the division of the court under this chapter [28 U.S.C. ch. 39, Sec. 591 *et seq.*] shall be revealed to any individual outside the division of the court or the Department of Justice without leave of the division of the court.

28 U.S.C. § 592(d)(2) (emphasis added). This obviously includes the Grand Jury testimony in the Donovan investigation that the Special Prosecutor had filed with the Special Division of the Court, but more broadly refers to "application[s and] other documents, materials, or memorandums," from that investigation which were also supplied to the Division of the Court.

■ The premise of the June 30 order, referred to above, was the representation by the (Schiavone) defendants that they "may be required [in filing their response to the newspapers' motion] to refer to confidential matters [grand jury material] in the record." However, the response by the Schiavone defendants has now been filed and served on the movants and it does not quote, paraphrase or refer to any Grand Jury testimony or information. Therefore, the order of the Court of June 30, 1986 is vacated.

The request by movants for an order authorizing public access to the record pertaining to the District Attorney's motion for disclosure or exemplification presents different issues. As the Bronx County District Attorney states in one document, he submitted an affidavit identifying the record in support of his motion requesting disclosure or exemplification of approximately *"three hundred pages of transcribed [federal grand jury] testimony and related documents* sought to be used at the two trials" that constitute "sealed materials in the Special Prosecutor's investigation." All this Grand Jury testimony is referred to in the District Attorney's motion papers to which movants seek "access."

Thus the "General Rule of Secrecy" for Grand Jury matter of Rule 6(e)(2), the other Rules cited above, the provisions of 28 U.S.C. § 592(d)(2) *et seq.*, and numerous Supreme Court decisions must be complied with.

The "General Rule of Secrecy" for Grand Jury matter is applicable. Rule 6(e)(2) provides:

> ... [A]ny person to whom disclosure is made under paragraph 3(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as provided for in these rules....

The Federal Rules also provide for certain exceptions in which a court may disclose "matters occurring before the grand jury." *See* Rule 6(e)(3). In the application of those exceptions, however, the Supreme Court has imposed certain severe limitations that it characterizes as furthering "the public interest in secrecy," including the government's legitimate concern about "the possible effect upon the functioning of future grand juries of unduly liberal disclosure." In support of this reasoning *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979), states:

> We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. See, *e.g., United States v. Procter & Gamble Co., supra*. [Footnote omitted].

More recently Justice Stevens speaking for a unanimous Court remarked in *Illinois v. Abbott & Associates, Inc.*, 460 U.S. 557, 567–68, 103 S.Ct. 1356, 1361–62, 75 L.Ed.2d 281 (1983):

> The court, however, is authorized by Rule 6(e)(3)(C) to permit certain disclosures that are otherwise prohibited by

the "General Rule of Secrecy." The scope of that authority has been delineated in a series of cases setting forth the standard of "particularized need." [14]

[14] See *Douglas Oil Co.*, 441 U.S., at 221–224, 99 S.Ct. at 1674–75. "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.*, at 222, 99 S.Ct. at 1674 (footnote omitted); see also *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077; *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 398–399, 79 S.Ct. 1237, 1240, 3 L.Ed.2d 1323 (1959); cf. *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

*Abbott* further stated that "[t]he State [Attorney General] could not secure such approval [from a federal court to obtain access to federal grand jury proceedings] merely by alleging that the materials were relevant to" a state lawsuit.

The Special Division is following these rules and decisions in requiring compliance from the respective movants.

This Court's order of March 26, 1986 pointed out to the Bronx County District Attorney, in line with the Supreme Court cases cited above, the federal requirements which he must satisfy in order to obtain the exemplification or authority to disclose the Grand Jury testimony he requests in connection with the *two* cases covered by his current motion. There seems to be a mistaken impression that some of this testimony was previously released in connection with both of the *two pending cases*, but that is incorrect. The material released by the prior Division of the Court was requested for, and released for, cases involving the separate murders of Nathan Masselli and Salvatore Franscone. Two defendants charged with the Masselli murder have been tried and convicted, and so far as this

court is informed, *none* of the Grand Jury material relevant to these present proceedings was used in the trials for which it was requested.

At the present time the motion of the Bronx County District Attorney is *sub judice*. He has just made his final filing in the last few days and the Schiavone defendants have made their filings. At this time the Court is awaiting the views of the former Special Prosecutor, Mr. Silverman, and his Deputy, who are thoroughly familiar with the very extensive record of testimony that is the subject of the present motion by the Bronx County District Attorney. When the Court receives the views of the Special Prosecutor it will proceed to a decision.

 In the meantime the motion of The Washington Post and New York News, Inc. for "access" to the material, which, as the District Attorney states, includes 300 pages of Grand Jury testimony and documents from the Special Prosecutor's investigation, is denied, and the decisions on the motions of the Bronx County District Attorney are held in abeyance until the views of the Special Prosecutor are received and considered, all subject to the further order of this Court.

In the public interest there is no restriction upon the dissemination of this opinion.[1]

*So ordered.*

1. The opinion was drafted on July 2, 1986 and agreed to by both judges on the morning of July 3rd.